IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LLOYD ST. ROSE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-23-1031 |
| BALTIMORE COUNTY DETENTION CENTER, | * | |
| | * | |
| Defendant. | | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Lloyd St. Rose, detained at the Baltimore County Detention Center ("BCDC"), filed the above-captioned civil rights action together with a motion for leave to proceed in forma pauperis. ECF Nos. 1, 2.

28 U.S.C. §§ 1915(e)(2)(B) and 1915A require this court to conduct an initial screening of this complaint and dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See also Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721 (2020). For the reasons discussed below, plaintiff's complaint fails to state a constitutional claim and may not move forward. Plaintiff will be given an opportunity to file an amended complaint.

In his complaint, plaintiff states that on March 10, 2023, he was struck by a corrections officer on his right wrist but did not suffer physical injury. ECF No. 1 at 2–3. He requested a "Statement of Charges Application" to complete against the officer. *Id.* at 3. BCDC refused to provide the application. *Id.* Plaintiff requests that this Court order BCDC to provide him with the application to complete. *Id.* at 4. He also states that he is "interested in pursuing (eventually) damages associated with the event." *Id.*

The Court first addresses plaintiff's request that it order BCDC to provide him with a Statement of Charges Application to complete and submit. A Statement of Charges Application is the first step in a process which allows an individual to file state criminal charges in Maryland. *See* https://mdcourts.gov/legalhelp/criminalcases.

Although the application process is available in Maryland, there is no federal constitutional right to file criminal charges. *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (private citizens have no constitutional or other right to a criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another.) Similarly, plaintiff does not have a constitutional right to have BCDC provide plaintiff with the application to pursue criminal charges. Plaintiff has not stated a constitutional claim for relief pertaining to the failure of BCDC to provide him with the application and this claim may not go forward.

It is not clear if plaintiff intends to bring a claim for use of excessive force at this time. He states that he "eventually" wants to pursue a claim for damages. ECF No. 1 at 4. Plaintiff provides minimal information about the event, other than that he was struck by a corrections officer without provocation and did not suffer physical injury. For example, he does not provide a description of the circumstances surrounding the event, does not explain if words were exchanged or if other inmates were present, or any other information regarding the event.

Plaintiff has also not named a proper defendant for a claim of excessive force because he names only BCDC as a defendant. In a suit arising under 42 U.S.C. § 1983, liability attaches only upon a defendant's personal participation in the constitutional violation. *See Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985); *see also Love-Lane v. Martin,* 355 F.3d 766, 782 (4th Cir. 2004). Naming institutions or using the term "staff" or the equivalent as a name for alleged defendants, without naming specific staff members, is insufficient to state a claim against a "person" in

a § 1983 action. *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989)) (other citations omitted); *see also Horton v. Kopp*, 2018 WL 1243537, at *2 (D. Md. 2018). Although plaintiff states that he believes the officer that hit him was named "Francis," he does not name this officer as a defendant.

As complaints drafted by self-represented plaintiffs are held to a less stringent standards than those drafted by attorneys, a plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). Therefore, plaintiff will be provided an opportunity to file an amended complaint within 28 days of the date of this Order that includes the necessary allegations regarding his claim of excessive force as directed above and names one or more proper defendants, if he intends to move forward with this claim.

To comply with the Federal Rules of Civil Procedure, the amended complaint must contain at a minimum a short and plain statement of the claim that shows the Plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also list the names of each defendant and describe what they did and when, *see* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers only labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

3

As a reminder: an amended complaint replaces the original complaint filed. The general rule is that "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (citation omitted). Therefore, the amended complaint required by this Order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action which defendants must answer. Additionally, an amended complaint must meet the requirements of this Order, or the amended complaint may be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff is further forewarned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's claim that he was not provided an application to file criminal charges by BCDC IS DISMISSED;

2. Plaintiff IS GRANTED 28 days from the date of this Order to file an amended complaint pertaining to the claim of excessive use of force;

3. Plaintiff IS FOREWARNED that:

    a. The amended complaint must meet the directions of this Order, or the amended complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and

    b. If the amended complaint is not timely filed, this case will be dismissed for failure to comply with this Order without further notice; and

4. The Clerk SHALL MAIL to plaintiff a copy of this Order and instructions for filing a civil rights complaint, including a complaint form.

Dated this 15 day of May 2023.

_____
James K. Bredar
Chief Judge