IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LLOYD ST. ROSE,     *

Plaintiff,     *

v.     *     Civil Action No. JKB-23-1031

FRANCIS, *Security Guard*,     *

Defendant.     *

    ***

## MEMORANDUM OPINION

Pending before the Court is a motion for summary judgment filed by Plaintiff Lloyd St. Rose. (ECF No. 17.) For the reasons that follow, the motion will be denied without prejudice as premature.

On January 11, 2023, counsel for Defendant Francis filed a notice of appearance and on January 17, 2024, filed a motion requesting an extension of time to respond to the amended complaint. (ECF Nos. 14, 16.) Defendant's motion was granted on February 8, 2024, with the Court directing a response by February 16, 2024. (ECF No. 18.)

On January 24, 2023, while Defendant's motion for an extension to respond to the amended complaint was pending, the Court received St. Rose's motion for summary judgment. (ECF No. 17.) On February 8, 2024, Defendant filed a response in opposition to the motion (ECF No. 19) and on February 16, 2024, Defendant filed an answer to the amended complaint. (ECF No. 20.)

In support of his motion, St. Rose asserts that he did not consent to Defendant's extension of time to respond to the amended complaint, and that there are no triable issues of fact. (ECF No. 17.) St. Rose also provided a declaration pertaining to his claims, but did not provide any further evidence. (ECF No. 17-3.)

Defendant asserts in his opposition to the motion that the response to the amended complaint was not yet due, as the Court granted an extension until February 16, 2024. (ECF Nos. 19 19-1, 19-2.) The Court agrees. Defendant also asserts that St. Rose's motion is premature because there has been no discovery to date, and counsel has not yet finished "investigating facts essential" to defending Defendant. (ECF Nos. 19 at 1-2; 19-1.) Defendant's counsel also submitted an affidavit pursuant to Fed. R. Civ. P. 56(d) stating that continued investigation of the facts, including requesting additional documents, interviewing witnesses, and determining if there is relevant video evidence is necessary. (ECF No. 19-2 at 1.)

In this instance, there are material facts in dispute, and there has not been an opportunity for discovery. In the amended complaint, St. Rose alleges that he was physically assaulted by Defendant on the right wrist and forearm area without cause or provocation. (ECF No. 8 at 5.) In his answer to the amended complaint, Defendant denies that he was present in or near the location of the incident and denies that he struck or assaulted St. Rose. (ECF No. 20 at 2.)

The Court may deny a motion for summary judgment if the non-moving party shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). Defendant has submitted the requisite affidavit. (ECF No. 19-2.) In addition, "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n.5 (1986). Defendant has not had the opportunity for discovery of necessary information. Thus, St. Rose's motion for summary judgment is premature and will be denied without prejudice. A separate order follows.

Dated this  17  day of May, 2023.

                            FOR THE COURT:

                            */s/ James K. Bredar*
                            James K. Bredar
                            United States District Judge